IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SANTOS MARTINEZ BELTRAN, §<br>  #2120646, §<br>         PETITIONER, §<br> §<br>v. § CIVIL CASE NO. 3:21-CV-1804-C-BK<br> §<br>DIRECTOR, TDCJ-CID, §<br>         RESPONDENT. § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, Petitioner Santos Martinez Beltran's *pro se* motion seeking an extension of time to file a federal habeas petition under 28 U.S.C. § 2254 was referred to the United States Magistrate Judge for case management, including the issuance of findings and a recommended disposition where appropriate. Doc. 3. Upon review of the relevant pleading and applicable law, it is recommended that the request for extension of time be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.[1]

Beltran requests an unspecified extension of time to prepare a federal habeas petition challenging his state court conviction in cause number W12-56353-L(B). Doc. 3 at 1, 3. He styles his request as a *Motion to Extend Time to File Notice of Appeal* under FED. R. APP. P. 4(a)(5), but only seeks an extension of time to file a federal habeas petition. Doc. 3 at 1-5. Beltran states that (1) the Texas Court of Criminal Appeals denied his state habeas application on

---

[1] Beltran's motion for extension of time was initially filed in *Beltran v. Director*, No. 3:19-CV-205-C-BK, a closed § 2254 case. However, because Beltran seeks to file a new habeas petition, this new case was subsequently opened.

June 2, 2021, *see Ex parte Beltran*, No. WR-89,002-02², (2) he is filing this petition to challenge matters "that were not done well in that Appeals Court," (3) he "has good cause for the delay," and (4) the mail room at his prison unit is responsible for the delay between June 2, 2021, the date the state court decision was issued and mailed, and June 25, 2021, when he first received it. Doc. 3 at 1-5. However, Beltran's request is not accompanied by even a skeletal § 2254 petition.³

Federal courts lack jurisdiction to consider the timeliness of a § 2254 petition until it is actually filed. *See United States v. McFarland*, 125 F. App'x 573, 574 (5th Cir. Apr. 6, 2005) (per curiam) ("Before the petition itself is actually filed, 'there is no case or controversy to be heard, and any opinion we were to render on the timeliness would be merely advisory.'" (quoting *United States v. Leon,* 203 F.3d 162, 163 (2d Cir. 2000) (per curiam))). Thus, until Beltran files a § 2254 petition, there is neither an adverse party before the Court nor a concrete dispute for the Court to decide. *See, e.g., United States v. Bautista*, 548 F. App'x 254, 254 (5th Cir. 2013) (per curiam) (affirming denial of motion for extension of time to file a motion to vacate sentence under 28 U.S.C. § 2255 because the district court lacked jurisdiction to entertain the motion for extension of time); *see also Braz v. Thaler*, No. 3:11-CV-993-M-BK, 2011 WL 2314086, at *1 (N.D. Tex. May 20, 2011), *R. & R. accepted*, 2011 WL 2312292, at *1 (N.D. Tex. Jun. 9, 2011) (dismissing for want of jurisdiction motion to extend time to file § 2254 petition).

Neither the Rules Governing Habeas Cases under § 2254 nor the Federal Rules of Civil Procedure contemplate the filing of a motion for extension of time to file a federal habeas

---

² The docket sheet is available on the Texas Court of Criminal Appeals' website at https://search.txcourts.gov/Case.aspx?cn=WR-89,002-02&coa=coscca (last accessed on Aug. 4, 2021).

³ Forms necessary for filing a habeas petition and motion to proceed *in forma pauperis* are available in the law library of the prison unit in which Beltran is confined.

petition. Furthermore, the habeas corpus statute does not authorize federal courts to prospectively extend, stop, or toll the one-year statute of limitations. *See* 28 U.S.C. § 2254; 28 U.S.C. § 2244(d).

For the foregoing reasons, Beltran's request for extension of time to file a habeas corpus petition under 28 U.S.C. § 2254 should be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.[4]

**SO RECOMMENDED** on September 19, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

---

[4] The Court does not express any opinion as to the timeliness or untimeliness of the petition that Beltran may file at a later date. *See* 28 U.S.C. § 2244(d) (imposing a one-year statute of limitations for filing habeas corpus petitions in federal court); *see also Hardaway v. Davis*, 684 F. App'x 444, 448 (5th Cir. 2017) (finding that timely filing of a motion for extension of time, standing alone, was insufficient to toll one-year limitations period for filing a federal habeas petition).