IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SANTOS MARTINEZ BELTRAN, #2120646, PETITIONER, | § § § § | |
| v. | § § § § § | CIVIL CASE NO. 3:21-CV-1804-C-BK |
| DIRECTOR, TDCJ-CID, RESPONDENT. | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. For the reasons outlined here, the petition should be summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.[1]

**I.   BACKGROUND**

In 2017, Petitioner Santos Martinez Beltran pled guilty to sexual assault of a child and aggravated sexual assault of a child younger than fourteen years and was sentenced to 20 and 60 years' imprisonment, respectively. *State v. Beltran*, Nos. F1254606-L, F1256353-L (Crim. Dist. Ct. No. 5, Dallas Cnty., Feb. 24, 2017). The Fifth District Court of Appeals affirmed his convictions on direct appeal. *Beltran v. State*, No. 05-17-00334-CR, 2017 WL 5559598, at *1

---

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

(Tex. App.—Dallas Nov. 13, 2017, no pet.). On December 5, 2017, the Texas Court of Criminal Appeals ("TCCA") granted Beltran an extension to February 12, 2018, to file a petition for discretionary review ("PDR"), but he failed to do so. *See* Nos. PD-1298-17, PD-1299-17.[2]

Subsequently, Beltran unsuccessfully sought habeas relief in both state and federal courts. On August 1, 2018, he filed a state habeas application under Texas Code of Criminal Procedure Article 11.07, which was dismissed for non-compliance. *Ex parte Beltran*, No. WR-89,002-01 (Tex. Crim. App. Oct. 3, 2018). Instead of refiling in state court, however, Beltran filed a federal habeas petition under 28 U.S.C. § 2254 on January 25, 2019. As the petition was unexhausted, it was dismissed without prejudice. *Beltran v. Davis*, No. 3:19-CV-0205-C-BK, 2019 WL 5069087, at *1 (N.D. Tex. Sept. 19, 2019), *R. & R. adopted*, 2019 WL 5068555 (N.D. Tex. Oct. 9, 2019). Although Beltran was cautioned about the one-year statute of limitations, he delayed nearly one and one-half years to file his second state application, which was subsequently denied. *Ex parte Beltran*, No. WR-89,002-02 (Tex. Crim. App. June 2, 2021).[3]

On July 30, 2021, Beltran requested to extend the time to file his federal habeas petition. Doc. 3. As his federal petition appeared to by untimely, the Court directed Beltran to respond regarding the application of the one-year limitations period, which he has now done. Doc. 14; Doc. 15.

---

[2] The PDR docket sheets are available at https://search.txcourts.gov/Case.aspx?cn=PD-1298-17&coa=coscca and https://search.txcourts.gov/Case.aspx?cn=PD-1299-17&coa=coscca (last accessed on July 29, 2022).

[3] The state habeas docket sheets and electronic records are available by entering the case number (W1256353A & W1256353B) at https://www.dallascounty.org/services/public-access.php (last accessed on July 29, 2022). The TCCA's docket sheets (WR-89,002-01 & WR-89,002-02) are available at https://search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c (same access date).

Having now reviewed all applicable pleadings, the Court concludes that Beltran's federal habeas petition was filed well after the expiration of the one-year limitations period. Because no exception applies, it should be dismissed as time barred.

## II.   ANALYSIS

### A.  One-Year Statute of Limitations and Statutory Tolling

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may consider *sua sponte* after providing notice and an opportunity to respond. *See* 28 U.S.C. § 2244(d); *Day v. McDonough*, 547 U.S. 198, 209-10 (2006). Beltran does not allege any facts that could trigger a starting date under § 2244(d)(1)(C). So his one-year limitations period began to run from the latest of (A) "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," (B) "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action," or (D) "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *See* 28 U.S.C. § 2244(d)(1)(A), (B), or (D). In addition, the one-year period is statutorily tolled for the time that a properly filed application for state collateral relief is pending. 28 U.S.C. § 2244(d)(2).

   1.  *Section 2244(d)(1)(A) and (d)(2)*

Beltran's convictions became final for purposes of § 2244(d)(1)(A) on February 12, 2018, the last day on which he could have filed a timely PDR pursuant to the TCCA's order of extension in Nos. PD-1298-17 and PD-1299-17. *Dolan v. Dretke,* 168 F. App'x 10, 11 (5th Cir. 2006) (per curiam) (holding conviction is final upon expiration of extension of time for filing a

PDR since a PDR is part of the direct review process under Texas law).  Contrary to Beltran's assertion, the mandate date of April 13, 2018, is inapplicable in calculating the one-year period. Doc. 7 at 3; *see Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2003) (holding issuance of mandate does not control when conviction becomes final for purposes of one-year limitations period); *Gonzalez v. Thaler*, 623 F.3d 222, 226 (5th Cir. 2010) (holding "*Roberts* remains good law" and a state conviction "becomes final 'when the time for seeking further direct review in the state court expires,' not when the mandate issues in his case"), *aff'd*, 565 U.S. 134 (2012). Thus, Beltran's limitations period expired on February 12, 2019.

Further, Beltran is not entitled to statutory tolling during the pendency of his prior state and federal habeas applications.  *See* 28 U.S.C. § 2244(d)(2).  As his first state application was dismissed for non-compliance with the state appellate rules, it was not properly filed and did not entitle him to statutory tolling.  *Jones v. Lumpkin*, 22 F. 4th 486, 490 (5th Cir. 2022), *petition for cert. filed*, No. 21-7799 (May 9, 2022) (addressing dismissal of a state application for failure to comply with Tex. R. App. P. 73.1(d)).  Likewise, Beltran's first federal petition did not statutorily toll the limitations period.  *See Duncan v. Walker*, 533 U.S. 167, 181-182 (2001) (finding no statutory tolling during pendency of federal action).  And Beltran's second state application was deemed filed on April 5, 2021—more than two years *after* the one-year period for filing a federal petition had expired.[4]  As such, it cannot toll the one-year limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (no statutory tolling if state application is filed after limitations elapsed).

---

[4] The first state habeas application was signed on July 24, 2018, and the second one on April 5, 2021.  *See Richards v. Thaler*, 710 F.3d 573, 579 (5th Cir. 2013) (extending prison mailbox rule to state habeas application).

Consequently, Beltran's federal habeas petition, deemed filed at the earliest on September 3, 2021—more than two and one-half years after the one-year period elapsed—is clearly outside the one-year limitations period.[5]

### 2. *2254(d)(1)(B)*

To excuse his delay, Beltran vaguely references § 2244(d)(1)(B) and asserts that he had "no control of the appellate procedure at the trial court level." Doc. 15 at 3, 5. However, to invoke section 2244(d)(1)(B), he must show that: "(1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). These requirements imply an element of causality and materiality with respect to a prisoner's ability to file his federal petition. *See Upchurch v. Thaler*, No. 3-10-CV-0987-D-BK, 2011 WL 1422728, *3-4 (N.D. Tex. Jan. 28, 2011) (collecting cases requiring causal relationship between unconstitutional state action and being prevented from filing federal petition), *R. & R. accepted*, 2011 WL 1193209 (N.D. Tex. Mar. 30, 2011). Beltran "must also show that . . . [the impediment] actually *prevented* him from timely filing his habeas petition." *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011) (emphasis in original) (citation omitted).

Beltran has not made the requisite showing. His bare mention of § 2244(d)(B) and unspecified state court glitches is conclusory. Doc. 15 at 3, 5. Also, his pleadings are completely silent as to how the alleged circumstances prevented him from filing a timely § 2254 petition. Moreover, Beltran does not allege a causal link between the alleged denial of access to

---

[5] The federal petition is deemed filed on September 3, 2021, the date Beltran certifies placing it in the prison mail system. Doc. 7 at 11; *see* Rule 3(d) of the RULES GOVERNING SECTION 2254 PROCEEDINGS (the "mailbox rule" applies when inmates use the prison's internal mailing system). Notably, the result would not change, even if the Court deems the federal petition filed on July 25, 2021, when Beltran signed his motion to extend time and placed it in the prison mail system. Doc. 3 at 7.

his trial record and his inability to file a timely federal petition. Consequently, Beltran has failed to establish a state created impediment under section 2244(d)(1)(B).

    3. *2244(d)(1)(D)*

Likewise Beltran's reliance on § 2244(d)(1)(D) fails. Doc. 15 at 5. He argues that his second writ raised new grounds for relief and as such was "like . . . newly discovered evidence." Doc. 15 at 3. However, his argument is again conclusory. Under § 2244(d)(1)(D), the limitations period begins running from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." It is well established that this "means the date a petitioner is on notice of the facts which would support a claim, not the date on which the petitioner has in his possession evidence to support his claim." *Osborne v. Hall*, 934 F.3d 428, 432 (5th Cir. 2019) (quotations and quoted case omitted).

The factual predicate for Beltran's claims including his claim of ineffective assistance of counsel ("IAC") at trial was available to Beltran by the time his convictions became final. Noticeably, his federal pleadings are silent about any newly discovered evidence. Rather Beltran merely reiterates the claims he presented in his first state Article 11.07 writ—venue, statute of limitations, unknowing and involuntary pleas, and insufficiency of the evidence. Doc. 7 at 6-8. Further, his IAC claim alleges misrepresentations by trial counsel that led to the entry of unknowing and involuntary pleas and waiver of his right to jury trial. Doc. 7 at 8; Doc. 8 at 25-32. As such, the Court concludes that Beltran could have discovered the factual predicate of his claims including his IAC claim—with due diligence—when the judgment was entered or at least by the time his convictions became final. Thus, his assertion that the one year statute of limitations did not begin until some unspecified date in the future is without merit.

### B. Equitable Tolling

Beltran's filings, even when liberally construed in light of his *pro se* status, do not present due diligence and "rare and exceptional circumstances" warranting equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is appropriate only where the petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* (quoted case omitted). Notably, "the extraordinary circumstances . . . must result from external factors beyond [the petitioner's] control; delays of the petitioner's own making do not qualify." *Jones v. Lumpkin*, 22 F.4th 486, 490 (quotations and quoted case omitted). Moreover, it is well established that equitable tolling is an extraordinary remedy limited to "rare and exceptional circumstances." *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000). And unexplained delays do not evince due diligence or rare and extraordinary circumstances. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("'[E]quity is not intended for those who sleep on their rights.'" (citations omitted)).

Beltran argues that the circumstances in his case are extraordinary and therefore warrant equitable tolling. He is wrong. In response to the Court's order, he merely states that his second habeas writs raised new claims. Doc. 15 at 1-2. Beltran avers that "[m]ost deadlines can be extended by the Court" and, thus, that he qualifies for "an extension of time for . . . 'good cause' with or without a motion or notice." Doc. 15 at 3. Additionally, he generally relies on "excusable neglect" claiming the delays were beyond his "control" during his direct appeal. Doc. 15 at 3. Also, Beltran vaguely argues that an extension of time or equitable tolling is appropriate under the due process clause. Doc. 15 at 4. Taken as a whole, Beltran's arguments do not present extraordinary circumstances warranting equitable tolling.

In addition, this is not a case in which Beltran pursued "the process with diligence and alacrity[.]" *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (per curiam).  As previously noted, he squandered the entire one-year period.  Beltran waited over five months from the date his convictions became final to file his first, non-compliant state habeas writ, and delayed more than three months after that application was dismissed before filing his first, unexhausted federal habeas petition.  Following the dismissal of that federal petition, Beltran delayed an additional one and one-half years to file his second state writ.  And following the denial of that writ, he waited more than one month to file his motion to extend time to file his federal petition.  These extended periods of inactivity indicate a lack of due diligence.  And Beltran's pleadings are silent about the reasons for his delays.

Furthermore, Beltran's *pro se* status and his unfamiliarity with the law do not suffice as a basis for equitable tolling.  *See Felder*, 204 F.3d at 171 ("[P]roceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d  390, 391-92 (5th Cir. 1999) (per curiam) ("[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.").

More importantly, Beltran's predicament is completely self-imposed and arises from his failure to comply with a basic state procedural rule, Texas Rule of Appellate Procedure 73.1, of which he had notice.  The TCCA promptly dismissed Beltran's first state habeas application for not complying with Rule 73.1, leaving him over four months to refile in state court.  Instead he went directly to federal court.  Further, as previously noted, his unfamiliarity with law does not present extraordinary circumstances warranting equitable tolling.  *See Jones v. Lumpkin*, 22 F.4th at 492 (declining equitable tolling where failure to timely file was the result of the petitioner's

"own procedural mistakes" in failing to promptly refile in state court following the dismissal of his first state application as noncompliant under Rule 73.1(d)).

In short, Beltran has presented no facts suggesting that he diligently pursued his rights or that some extraordinary circumstance prevented him from timely filing his federal petition. On this record, he has not met his burden to establish that equitable tolling is warranted in this case. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (per curiam).

### III.    CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus should be summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1); Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS.

**SO RECOMMENDED** on August 4, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).